**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| JOHN A. GRIFFIN, | ) | | FILED: JUNE 9, 2008 |
| | ) | | 08CV3323 |
| Petitioner, | ) | | JUDGE COAR |
| | ) | | MAGISTRATE JUDGE MASON |
| v. | ) | Case No. | |
| | ) | | PH |
| TANYA GRIFFIN | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR RETURN OF
CHILDREN TO PETITIONER PURSUANT TO THE HAGUE CONVENTION
ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION,
THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT AND THE
UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT**

This Memorandum of Law is filed by the Petitioner, JOHN A. GRIFFIN ("Petitioner/

Father"), in support of the Petition For Return Of Children To Petitioner Pursuant To The Hague

Convention On The Civil Aspects Of International Child Abduction, The International Child

Abduction Remedies Act And The Uniform Child Custody Jurisdiction And Enforcement Act

(the "Petition") filed concurrently herewith.  This matter has come before the Court pursuant to

the Convention on the Civil Aspects of International Child Abduction, done at the Hague on the

25th of October, 1980 (the "Hague Convention"), 42 U.S.C. 11603(b), the International Child

Abduction Remedies Act (the "ICARA"), A.R.S. §25-1001 *et seq.* and the Uniform Child

Custody Jurisdiction and Enforcement Act.

## I.    SUMMARY OF FACTS.

Petitioner/Father and Tanya Griffin (the "Respondent") have four minor children in

common, namely, Samuel Muiris Griffin, who was born on January 19, 1995, Isaac James

Griffin, who was born on February 6, 1998, Margaret Eleanor Griffin, who was born on July 31,

1999, and Josephine Marie Griffin, who was born on April 27, 2002. Samuel and Margaret resided in Ireland from May 2005 until their wrongful removal on June 9, 2007, while Isaac and Josephine resided in Ireland from June 2005 until their wrongful removal on June 9, 2007. The parties were married on June 14, 1990 in St. Louis, Missouri, and have been separated since June 9, 2007. The separation was initiated by Respondent, who wrongfully removed the minor children from Ireland without Petitioner's consent.

On June 9, 2007, Respondent took the four children to the United States and visited her family in Belleville, Illinois. Petitioner did not consent to the children remaining in the United States permanently. Since that time, Respondent has wrongfully retained the minor children in the United States and refuses to permanently return the minor children to Ireland. Since the abduction, Petitioner sought the assistance of local law enforcement authorities, as well as government agencies in Ireland and the United States, to locate and secure the return of the minor children.

Upon learning that the Hague Convention was available to assist in Petitioner's efforts to locate and secure the return of the minor children, Petitioner filed an application for the return of the minor children on July 13, 2007 through the Department of Justice, Equality and Law Reform of Ireland, that Country's administrator under the Hague Convention. On or about July 20, 2007, the United States State Department ("State Department") received an application under the Hague Convention from the Department of Justice, Equality and Law Reform of Ireland.[1] Thereafter, the State Department and the Petitioner took appropriate measures to attempt to discover the whereabouts of the minor children. And, upon discovering the whereabouts of the

---

[1] Pursuant to 22 C.F.R. § 94.2, the U.S. Department of State, Office of Children's Issues performs the functions of the Central Authority of the United States under the Hague Convention; and applications seeking the return of or access to children abducted to the United States are processed by NCMEC.

minor children, the State Department assisted Petitioner in securing an attorney in the United States.

## II.   SUMMARY OF HAGUE CONVENTION ON CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION.

The Hague Convention on the Civil Aspects of International Child Abduction (hereinafter "Hague Convention") is a multilateral international treaty on parental kidnapping to which the United States and Ireland (among many other nations) are parties. The goal of the Hague Convention is to "protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the States of their habitual residence." Hague Convention, Preamble. *See also Koch v. Koch*, 450 F.3d 703 (7th Cir. 2006); *Gonzalez Locicero v. Nazor Lurashi*, No. CIV.04-1276(HL), 2004 WL 1202729 (D. Puerto Rico May 9, 2004) at *2, *approved, adopted and petition granted, Gonzalez Locicero v. Nazor Lurashi*, 321 F. Supp. 2d 295 (D. Puerto Rico 2004) (citations and internal quotation marks omitted).

The Hague Convention's approach to the phenomenon of international child abduction is straightforward. It is designed to restore the "'factual' status quo which is unilaterally altered when a parent abducts a child and aims to protect the legal custody rights of the non-abducting parent." *Feder v. Feder*, 63 F.3d 217, 221 (3d Cir. 1995) (*citing* Pub. Notice 957, 51 Fed. Reg. 10494, 10505 (1986)). The court further noted that:

> the cornerstone of the Convention is the mandated return of the child to his or her circumstances prior to the abduction if one parent's removal of the child from or retention in a Contracting State has violated the custody rights of the other, and is, therefore, "wrongful".

*See id.* at 221 (citing Hague Convention, Art. 12); *see also Koch,* 450 F.3d at 711 ("The objects of the Convention are:  a. to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and b. to ensure that rights of custody and of access under the

law of one Contracting State are effectively respected in the other Contracting States.") (citing Hague Convention, Art. 1).    "An action under the Hague Convention and ICARA is not an action to determine the merits of custody rights." *Koch*, 450 F.3d at 711. *See also England v. England*, 234 F.3d 268 (5th Cir. 2000) (citing Hague Convention, Art. 19).

Pursuant to Article 3 of the Hague Convention, removal or retention is wrongful if: "(a) it is in breach of the rights of custody attributed to a person ... under the law of the State in which the child was habitually resident [sic] immediately before the removal or retention; and (b) at the time of the removal or retention those rights were actually exercised ... or would have been so exercised but for the removal or the retention." Hague Convention, Art. 3. *See also Gonzalez,* 2004 WL 1202729 at *3.

Therefore, under the Hague Convention, a petitioner establishes the elements of a wrongful removal or retention by demonstrating, by a preponderance of the evidence, that:

(1)     the habitual residence of the child immediately before the date of the allegedly wrongful removal or retention was in the country to which return is sought;

(2)     the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence;

(3)     the petitioner was actually exercising or would have been exercising custody rights of the child at the time of his or her removal or retention; and

(4)     the child has not attained the age of 16 years.

*Id.* at *3 (*citing Lops v. Lops*, 140 F.3d 927, 936 (11th Cir. 1998); *Pesin v. Osorio-Rodriguez,* 77 F. Supp. 2d 1277, 1284 (S.D. Fla. 1999); *Me`ndez-Lynch v. Me`ndez-Lynch*, 220 F. Supp. 2d 1347, 1357 (M.D. Fla. 2002)).

Once the petitioner establishes the necessary elements, the Court must order that the child be returned to the state of habitual residence unless the respondent can establish, by a preponderance of evidence, one or more of the following defenses:

(1)     the person having care of the child was not actually exercising the custody rights at the time of removal or retention (Hague Convention, Art. 13a);[2]

(2)     the person having care of the child had consented to or subsequently acquiesced in the removal or retention of the child (Hague Convention, Art. 13a);

(3)     the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of the child's views (Hague Convention, Art. 13, unnumbered paragraph); or

(4)     the proceedings were commenced more than one year after the date of the wrongful removal or retention and "the child is now settled in its new environment" (Hague Convention, Art. 12).

See also Gonzalez, 2004 WL 12002729 at *4.

Additionally, a court is not bound to order the return of a child if respondent demonstrates by clear and convincing evidence that:

(1)     there is a grave risk that the child's return would "expose the child to physical or psychological harm or otherwise place the child in an intolerable situation" (Hague Convention, Art. 13b); or

(2)     return of the child would not be permitted by fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms (Hague Convention, Art. 20).

See also id.

Even if one of the exceptions cited above is established, the Court has discretion to order the return of the child if return would further the aims of the Hague Convention. See, e.g., Miller v. Miller, 240 F.3d 392 (4th Cir. 2001); England, 234 F.3d at 270-71. Furthermore, each exception to the return of the child under the Hague Convention must be applied narrowly. See 42 U.S.C. §11601(a)(4); Rydder v. Rydder, 49 F.3d 369, 372 (8th Cir. 1995); Blondin v. Dubois, 189 F.3d 240, 246 (2d Cir. 1999). The narrow exceptions to return under the Hague Convention: "[d]o not authorize a court to exceed its Hague Convention function by making determinations, such as who is the better parent, that remain within the purview of the court with plenary

---

[2] Although the courts seem to treat this as an affirmative defense, it seems redundant or inapplicable once the petitioner has affirmatively established in its case in chief that custody rights actually were being exercised, or would have been exercised, absent the wrongful removal or retention.

jurisdiction over the questions of custody." *See Blondin*, 189 F.3d at 246 (citations omitted).

Courts have uniformly held that an overly broad construction of their authority to grant

exceptions under the Hague Convention: "would frustrate a paramount purpose of that

international agreement - namely, to 'preserve the status quo and to deter parents from crossing

international boundaries in search of a more sympathetic court.'" *Id.* (*citing Friedrich v.

Friedrich*, 983 F.2d 1396, 1400 (6th Cir. 1993), *accord Shalit v. Coppe*, 182 F.3d 1124, 1126-27

(9th Cir. 1999); *Nunez-Escudero v. Tice-Menley*, 58 F.3d 374, 376 (8th Cir. 1995); *Rydder*, 49

F.3d at 372).

### III.   THE IMMEDIATE RETURN OF THE MINOR CHILD TO PETITIONER/FATHER IS MANDATED BY THE HAGUE CONVENTION.

Under the facts of this case, the Hague Convention mandates the immediate return of the

minor children to Petitioner/Father.  The following facts are undisputed:

(1)     The minor children are currently thirteen, ten, eight and six years old;

(2)     Before being abducted by Respondent and brought to the United States, the minor children habitually resided in Ireland, the country to which return is sought;

(3)     Respondent removed the minor children to the United States without the prior consent of Petitioner and has since failed to return the minor children to Petitioner; and

(4)     Before Respondent abducted the minor children and brought the minor children to the United States, the minor children were living with Petitioner, who was exercising his rights to determine their habitual residence.

Based on the foregoing facts, the Hague Convention mandates that the minor children be

immediately returned to Petitioner in Ireland.

WHEREFORE, Petitioner respectfully requests that the Petition be granted in its entirety.

Dated: June 9, 2008

Respectfully submitted


/s/ Monica Maria Tynan
By one of the attorneys for Petitioner
John A. Griffin


Monica Maria Tynan, ARDC # 06210307
Steven V. Hunter, ARDC # 6277695
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661-2511
(312) 715-5000 - Telephone
(312) 715-5155 - Facsimile
mtynan@quarles.com
shunter@quarles.com