IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. GRIFFIN )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TANYA GRIFFIN, )<br>)<br>Respondent. ) | Case No.: 08 CV 3323<br>Magistrate Judge Mason<br>Judge Coar |

<strong><u>NOTICE OF FILING</u></strong>

TO:   Monica Maria Tynan, ARDC #06210307
      Steven V. Hunter, ARDC #6277695
      Quarles & Brady LLP
      500 West Madison Street, Suite 3700
      Chicago, IL 60661

FILED
JUL - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Please take notice that on July 9, 2008, an APPEARANCE by Nancy C. Murphy & Associates and a RESPONSE TO THE PETITION FOR RETURN OF CHILDREN TO PETITIONER PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION, THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT AND THE UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT were caused to be filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of the Respondent, TANYA GRIFFIN, copies of which is herewith served upon you.

BY: _____
Nancy C. Murphy, Esq., Attorney for Respondent

<strong>CERTIFICATE OF DELIVERY PERSONALLY, BY MAIL OR BY FACSIMILE</strong>

The undersigned, a non-attorney, hereby certifies under penalties of perjury under the laws of the State of Illinois that the above notice and attached pleadings were sent via facsimile (from the facsimile number, 312-922-3045, to facsimile number, 312-715-5155) and placed in the U.S. Mail at 111 North Wabash with first class postage prepaid and directed to all parties of record at the address(es) set forth above on or before 4:00 p.m. on 7/9/2008.

_____
Kate Lambert

Nancy C. Murphy & Associates, ARDC #6202774
Attorney for Respondent
111 North Wabash, Suite 2118
Chicago, IL 60602
312-922-2121

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

F I L E D
JUL - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JOHN A. GRIFFIN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 08 CV 3323 |
| | ) | Magistrate Judge Mason |
| TANYA GRIFFIN, | ) | Judge Coar |
| | ) | |
| Respondent. | ) | |

### RESPONSE TO THE PETITION FOR RETURN OF CHILDREN TO PETITIONER PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION, THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT AND THE UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT

NOW COMES the Respondent, TANYA GRIFFIN ("TANYA"), by and through her attorneys, Nancy C. Murphy & Associates, brings the following Response to the Petition for Return of Children to Petitioner Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, The International Child Abduction Remedies Act And the Uniform Child Custody Jurisdiction and Enforcement Act filed by the Petitioner, JOHN A. GRIFFIN ("JOHN"), and in support thereof, she states as follows:

1. TANYA admits the allegations contained in paragraph one (1) of Petitioner's Petition.

2. TANYA admits the allegations contained in paragraph two (2) of Petitioner's Petition.

3. TANYA denies the allegations contained in paragraph three (3) of Petitioner's Petition.

4. TANYA denies the allegations contained in paragraph four (4) of Petitioner's Petition.

5. TANYA admits that she and the Petitioner were married in St. Louis, Missouri on July 14, 1990. TANYA admits that she and the Petitioner have four minor children in common, namely: Samuel Muiris Griffin, who was born on January 19, 1995, Isaac James Griffin, who was born on February 6, 1998, Margaret Eleanor Griffin, who was born on July 31, 1999, and Josephine Marie Griffin, who was born on April 27, 2002. TANYA admits that all four children are under the age of 16. TANYA denies any and all remaining allegations contained in paragraph five (5) of Petitioner's Petition.

6. TANYA denies that she and the Petitioner have been separated since June 2007. Petitioner fails to make any further allegations in paragraph six (6) of Petitioner's Petition and therefore, TANYA is not required to respond to thereof.

7.  TANYA admits the parties' minor children were born in the United States. TANYA denies any and all remaining allegations contained in paragraph seven (7) of Petitioner's Petition and demands strict proof thereof. TANYA affirmatively states that the parties' minor children are all United States citizens.

8.  TANYA denies the allegations contained in paragraph eight (8) of Petitioner's Petition. TANYA affirmatively states that Petitioner was personally served with documentation related to case number 07 D 9459, filed in the Domestic Relations Division in the Circuit Court of Cook County and that Petitioner consented to TANYA and the parties' minor children permanently moving to the United States.

9.  TANYA denies the allegations contained in paragraph nine (9) of Petitioner's Petition.

10. TANYA denies the allegations contained in paragraph ten (10) of Petitioner's Petition.

11. TANYA denies the allegations contained in paragraph eleven (11) of Petitioner's Petition. TANYA affirmatively states that she has always been the primary caretaker of the parties' minor children.

12. TANYA denies the allegations contained in paragraph twelve (12) of Petitioner's Petition. TANYA affirmatively states that the parties' minor children were temporarily in Ireland but never permanently.

13. TANYA denies that after the wrongful removal of the minor children by her, she sent Petitioner correspondence, indicating that the children would stay with her in Chicago and that she would provide them with the proper schooling and adequate care. TANYA is without knowledge or information sufficient to form a belief as to the truth of the allegation that Petitioner had difficulty tracking down the exact address at which Respondent was living with the parties' minor children, and therefore, TANYA denies said allegation. TANYA denies any and all remaining allegations contained in paragraph thirteen (13) of Petitioner's Petition. TANYA affirmatively states that Petitioner knew where she and the minor children were, that Petitioner regularly talked with the parties' minor children and that Petitioner visited the parties' minor children in Oak Park, Illinois.

14. TANYA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen (14) of Petitioner's Petition, and therefore, TANYA denies same. TANYA affirmatively states that Nancy C. Murphy spoke to the United States Authority who stated that Petitioner withdrew his Hague assistance request.

15. TANYA is without knowledge or information sufficient to form a belief as to when and what Respondent has learned and whether the Irish Central Authority asked the United States authorities to intervene because Petitioner was worried about the health and welfare of the Petitioner's children, and therefore, TANYA denies the same. TANYA denies any and all remaining allegations contained in paragraph fifteen (15) of Petitioner's Petition. TANYA affirmatively states that Petitioner at all times knew where the minor children resided and was happy about it.

16. TANYA denies the allegations contained in paragraph sixteen (16) of Petitioner's Petition. TANYA affirmatively states that Petitioner always knew where the children were and that Petitioner visited them.

17. TANYA is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph seventeen (17) of Petitioner's Petition, and therefore, TANYA denies the same.

18. Petitioner fails to assert any allegations in paragraph eighteen (18) of this Petitioner and therefore TANYA is not required to respond. TANYA affirmatively states that the parties' minor children are not being illegally held, see attached Judgment for Dissolution, Exhibit A.

19. TANYA admits that Petitioner repeats and realleges paragraphs 1 through 18 of his Petition as they are fully set forth therein. TANYA denies any and all remaining allegations contained in paragraph nineteen (19) of Petitioner's Petition.

20. TANYA admits the allegations contained in paragraph twenty (20) of Petitioner's Petition.

21. TANYA denies the allegations contained in paragraph twenty-one (21) of Petitioner's Petition.

22. TANYA denies the allegations contained in paragraph twenty-two (22) of Petitioner's Petition.

23. TANYA denies the allegations contained in paragraph twenty-three (23) of Petitioner's Petition.

WHEREFORE, Respondent, TANYA GRIFFIN, respectfully requests this Honorable Court:

A. Deny Petitioner's Petition for Return of Children to Petitioner Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, The International Child Abduction Remedies Act And the Uniform Child Custody Jurisdiction and Enforcement Act;

B. Dismiss Petitioner's Petition for Return of Children to Petitioner Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, The International Child Abduction Remedies Act And the Uniform Child Custody Jurisdiction and Enforcement Act;

C. Order Petitioner to pay Respondent's attorneys' fees and costs incurred for the representation of Respondent in this cause; and

3

D.  For further and other relief as this Court deems just and equitable.

By: _____
(TANYA GRIFFIN, Respondent)

Nancy C. Murphy & Assoc., ARDC #6202774
Attorney for Respondent
111 North Wabash Avenue, Suite 2118
Chicago, IL 60602
(312) 922-2121

## VERIFICATION BY CERTIFICATION

Under penalties as provided by the laws of the State of Illinois, I certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters, I certify that I verily believe the same to be true.

_____
TANYA GRIFFIN, Respondent

## CERTIFICATION OF COUNSEL

NANCY C. MURPHY, attorney for Respondent, pursuant to the laws of the State of Illinois, states that she has read the above and foregoing pleading, that to the best of her knowledge, information and belief, formed after reasonable inquiry, said pleading is well grounded in fact and is warranted in existing law, and that said pleading is not interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

_____
NANCY C. MURPHY, Attorney for Respondent

Nancy C. Murphy & Assoc., ARDC #6202774
Attorney for Respondent
111 North Wabash Avenue, Suite 2118
Chicago, IL 60602
(312) 922-2121

4