

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOHN A. GRIFFIN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Case No.: 08 CV 3323 |
| | )     Magistrate Judge Mason |
| TANYA GRIFFIN, | )     Judge Coar |
| | ) |
| Respondent. | ) |

## NOTICE OF FILING

# FILED

TO:  Monica Maria Tynan, ARDC #06210307
       Steven V. Hunter, ARDC #6277695
       Quarles & Brady LLP
       500 West Madison Street, Suite 3700
       Chicago, IL 60661

JUL 0 9 2008  YM
Jul 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Please take notice that on July 9, 2008, a Judgment for Dissolution of Marriage marked as EXHIBIT A as part of the RESPONSE TO THE PETITION FOR RETURN OF CHILDREN TO PETITIONER PURSUANT TO THE HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION, THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT AND THE UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT were caused to be filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of the Respondent, TANYA GRIFFIN, copies of which is herewith served upon you.

BY: _____
Nancy C. Murphy, Esq., Attorney for Respondent

## CERTIFICATE OF DELIVERY PERSONALLY, BY MAIL OR BY FACSIMILE

The undersigned, a non-attorney, hereby certifies under penalties of perjury under the laws of the State of Illinois that the above notice and attached pleadings were sent via facsimile (from the facsimile number, 312-922-3045, to facsimile number, 312-715-5155) and placed in the U.S. Mail at 111 North Wabash with first class postage prepaid and directed to all parties of record at the address(es) set forth above on or before 4:00 p.m. on 7/9/2008.

Nancy C. Murphy & Associates, ARDC #6202774
Attorney for Respondent
111 North Wabash, Suite 2118
Chicago, IL 60602
312-922-2121

_____
Kate Lambert

#36171

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT–DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF )
)
TANYA GRIFFIN, )
Petitioner, )
) No:   07 D 9459
and ) Cal:   61
)
JOHN A. GRIFFIN, )
Respondent. )

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CAUSE COMING ON TO BE HEARD on the Petition for Dissolution of Marriage
of the Petitioner, TANYA GRIFFIN, following the entry of an Order of Default against the
Respondent, JOHN A. GRIFFIN, and the Petitioner appearing in open court in person and by
NANCY C. MURPHY & ASSOCIATES, her attorneys, and the Court hearing testimony of the
Petitioner duly sworn and examined in open court in support of the allegations contained in her
Petition (a certificate of which evidence being duly signed and sealed, is filed herein) and the
Court considering all of the evidence and now being fully advised in the premises, FINDS as
follows:

A.    TANYA filed a Petition for Dissolution of Marriage against JOHN in the Circuit
Court of Cook County, Illinois, hereinafter referred to as "the Court," on September 18, 2007.
The case is entitled "In re the Marriage of TANYA GRIFFIN, Petitioner, and JOHN A.
GRIFFIN, Respondent," Case No. 07 D 9459. On September 28, 2007, this Honorable Court
ordered the appointment of a special process server, Jim Redmond, whose address is:  District
Court Office, County Tipperary, Republic of Ireland.  Personal service of summons and the
Petition for Dissolution of Marriage was made on JOHN by said special process server on
October 4, 2007. On October 12, 2007, TANYA, by NANCY C. MURPHY & ASSOCIATES,
her attorneys, filed an Affidavit of Service of Summons Outside Illinois.

B.    More than thirty (30) days have elapsed since personal service of summons and
the Petition for Dissolution of Marriage was made on Respondent, and Respondent has failed to
file his appearance, respond or otherwise plead to Petitioner's Petition. Further, Respondent was



recently in Chicago for approximately one week and failed to file his appearance, response or otherwise plead to Petitioner's Petition. Based on the affidavit of Petitioner, the Court finds that Respondent is not in the military service. On the motion of Petitioner, an Order for Default has been entered against Respondent.

C.    Respondent was previously served with notice of this hearing and with a copy of a proposed Judgment of Dissolution of Marriage.    Respondent has also continued to correspond with the Petitioner's attorney to work out the Judgment and Petitioner has taken Respondent's requests into consideration including parenting time with the children.

D.    Petitioner is now a resident of the State of Illinois and was a resident of the State of Illinois at the time this action was commenced, and the residence has been maintained for more than ninety days next preceding the commencement of this action and next preceding the making of this Court's finding. Petitioner resides in Cook County.

E.    Petitioner and Respondent were married on July 14, 1990, in St. Louis, Missouri, and the marriage was registered in St. Louis County, Missouri. Thereafter, the parties resided together until on or about June 9, 2007.

F.    Respondent, during the marriage, has been guilty of extreme and repeated mental cruelty toward the Petitioner, without cause or provocation by the Petitioner, which conduct by Respondent, has adversely affected Petitioner's health. Since the parties separated, Petitioner's health has improved.

G.    Four children were born to the parties as the issue of the marriage, whose names and ages are: Samuel Muiris, born January 19, 1995; Isaac James, born February 6, 1998; Margaret Eleanor, born July 31, 1999; Josephine Marie, born April 27, 2002. All four children reside with the Petitioner, in Oak Park, Illinois. No children were adopted by the parties, and Petitioner is not pregnant.

H.    Petitioner is a fit and proper person and it is in the best interests of the minor children that Petitioner has the sole care, custody, and control of the minor children of the parties.

I.    There are no other child custody proceedings pending before any another division of the circuit court, or another court or administrative body of Illinois or of any other state, an Indian tribe, or a foreign country, and no orders affecting the custody or visitation of the four children have been entered by the circuit court or any of its divisions or by another court or



administrative body of Illinois or of any other state, an Indian tribe, or a foreign country.

J.    The Petitioner should be granted child support paid by the Respondent. This court has jurisdiction over the Respondent.

K.    Respondent should be granted appropriate parenting time with the minor children when he is in Illinois and provides Petitioner with reasonable notice, at least twenty-four (24) hour notice.

L.    The parties have acquired no marital real estate.

M.    Respondent is fully able to provide for his own support, and the Respondent therefore does not require any alimony, maintenance, or support from Petitioner. The Respondent should be barred from maintenance for the past present and future.

N.    Petitioner is fully able to provide for her own support, and the Petitioner therefore does not require any alimony, maintenance, or support from Respondent. The Petitioner should be barred from maintenance for the past present and future

O.    Both parties are now in possession of their own non-marital property and should be awarded the right of exclusive possession for same.

P.    The parties have acquired marital debts, which should be equitably apportioned.

Q.    There is no petition for dissolution of the parties' marriage pending in any other county or state.

R.    The Petitioner has established by competent, material, and relevant proof the allegations in her Petition concerning the basis for the dissolution of the parties' marriage on the grounds of mental cruelty; and this Court has jurisdiction of the parties to this cause and of the subject matter hereof.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, and this Court by virtue of the power and authority therein vested and the statute in such case made and provided, DOTH HEREBY ORDER, ADJUDGE AND DECREE as follows:

1.    A Judgment for Dissolution of Marriage is awarded to both of the parties. Accordingly, the bonds of matrimony existing between the Petitioner, TANYA GRIFFIN, and the Respondent, JOHN A. GRIFFIN, be and the same are hereby dissolved, and the parties are, and each of them is, freed from the obligations thereof, and are herewith divorced from each other.

3

2.    The Petitioner is awarded sole care and permanent custody of the parties' minor children, whose names and ages are: Samuel Muiris, born January 19, 1995; Isaac James, born February 6, 1998; Margaret Eleanor, born July 31, 1999; Josephine Marie, born April 27, 2002.

The Respondent shall pay $560.00 per month to the Petitioner as and for child support for the four children. This child support amount was taken in consideration based upon Respondent's email to the Petitioner of what he agrees to pay and his income and fluctuation of the Euro, due to the fact that Respondent is paid in aforementioned currency.

The Petitioner reserves the right to obtain medical insurance contribution and uncovered medical expenses and school and other cost contribution from the Respondent until further order of Court or other agreement between the parties.

3.    The Respondent is awarded appropriate parenting time with the parties' minor children to be agreed upon when he comes to Illinois and provides reasonable notice to the Petitioner, at least twenty-four (24) hours.

4.    The Court expressly retains jurisdiction of this cause for the following purposes: a) to enforce each and every term and condition of this judgment; b) to enter such orders as may be necessary and proper relating to the amount of support and maintenance of the children of the parties to be paid to Petitioner, and relating to the children's medical care and education.

5.    All rights, claims, and demands of Petitioner or Respondent, past, present, and future, to alimony, maintenance, and support, temporary, permanent, or otherwise, from the other, are hereby forever barred, terminated, and ended. Both parties are self sufficient for the support of themselves.

6.    The parties be awarded possession of the non-marital property which is currently in their possession as each party's sole and separate property, free of any right, title, or interest in the other party.

7.    Each party shall pay the debts, obligations, tax liabilities, and bills to or from third parties that he or she has incurred or hereafter incurs, including also obligations regardless by whom incurred associated with assets received by each party pursuant to this Judgment, and each party shall keep the other, his or her legal heirs, personal representatives, and assignees, free and harmless and indemnified of and from any liability for the debts, obligations, tax liabilities, and bills t o or from third parties that he or she has incurred or hereafter incurs, including also obligations regardless by whom incurred associated with assets received by each party pursuant

4

to this Judgment, except as herein otherwise provided.

8.    Each party, without contribution from the other party, shall pay his or her own attorneys' fees, expert fees, and costs incurred in or related to this matrimonial litigation. Each party shall and does hereby indemnify and hold free and harmless the other, his or her estate, heirs, executors, administrators and personal representatives of and from any and all liability and expenses in connection with the fees and costs that each party has been ordered to pay pursuant to this Paragraph 5.

9.    Petitioner is granted leave to resume her former name, TANYA CORDES, *instanter*.

10.    This is a final judgment and there is no just reason for delaying either enforcement or appeal or both.


ENTER:  _____
        **Judge**


DATED:  _____


Nancy C. Murphy & Associates, #36171
Attorney for Petitioner
111 North Wabash - Penthouse
Chicago, IL 60602
(312) 922-2121

5

I hereby certify that the document to which this certification is affixed is a true copy.

Date 3-12-08

Clerk of the Circuit Court
County, IL