IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 08 C 3323 |
| | ) |
| TANYA GRIFFIN | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ANSWER TO PETITION**

Petitioner John A. Griffin, by his attorneys Quarles & Brady, LLP, moves to strike certain portions of the Answer filed by Respondent Tanya Griffin. In support of this Motion, Petitioner states as follows:

Respondent's Answer to the Petition fails to comply with the most basic rules of federal pleading. Rule 8(b) of the Federal Rules of Civil Procedure specifies three straightforward options when responding to allegations in a complaint: the responding party shall (1) admit the allegation; (2) deny the allegation, or; (3) state that it is without knowledge or information sufficient to form a belief as to the truth of the allegation. Fed. R. Civ. P. 8(b). Additionally Local Rule 10.1 requires responsive pleadings, "shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." LR10.1. Respondent consistently ignored these unambiguous options throughout her Answer to the Petition. Instead, Respondent failed to either restate, or at a minimum, summarize the allegations of the paragraph to which her response corresponds. Respondent also made numerous improper affirmative allegations or other narrative responses that go far beyond what is permissible under the federal rules.

Petitioner requests that the Answer be stricken due to Respondent's failure to comply with Local Rule 10.1. Alternatively, Petitioner requests that the answers to paragraphs 7, 8, 11, 12, 13, 14, 15, 16, and 18 be stricken or deemed admitted because of the affirmative allegations and narrative responses contained therein.

Pleading affirmative allegations in an answer is impermissible under Rule 8 which provides only three options for answering and further requires that "[d]enials shall fairly meet the substance of the averments denied." Fed. R. Civ. P. 8(b). Respondent's affirmative allegations clearly fail to meet the substance of the allegations contained in the Petition. Moreover, Respondent's failure to summarize the allegations in each paragraph makes the analysis of this rule to be rather difficult.

The practice of including affirmative allegations in responsive pleadings is proscribed because of the fact that the Petitioner is not permitted to respond to those affirmative allegations. Fed. R. Civ. P. 7(a) (specifying all permissible responsive pleadings). As Respondent should know, such affirmative allegations and claims should be raised as affirmative defenses or counterclaims - not in the responsive paragraphs of her Answer. Pursuant to Rule 12(f), this Court may strike Respondent's Answer, in the alternative, strike paragraphs 7, 8, 11, 12, 13, 14, 15, 16, and 18 due to the immaterial matter improperly asserted therein. Fed. R. Civ. P. 12(f);
A Rule 12(f) motion asks the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). Motions to strike are generally disfavored because of the likelihood that they may only serve to delay proceedings. *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F. 2d 1286, 1294 (7th Cir. 1989). Nevertheless, a motion to strike may sometimes be "a useful means of removing `unnecessary clutter' from a case, which will in effect expedite the proceedings." *Reis Robotics*

*USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (quoting *Heller*, 883 F. 2d at 1294). A court generally engages in a two-part inquiry when considering a motion to strike based on immateriality. The challenged pleading must be (1) immaterial and (2) prejudicial to the moving party. *See Capitol Indem. Corp. v. Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992) (*citing U.S. Dental Inst. v. Am. Ass'n of Orthodontists*, 396 F. Supp. 565, 583 (N.D. Ill. 1975)). The affirmative statements in paragraphs 7, 8, 11, 12, 13, 14, 15, 16, and 18 are immaterial to the determination of Petitioner's Hague Petition. The Hague Convention is designed to restore the "'factual' status quo which is unilaterally altered when a parent abducts a child and aims to protect the legal custody rights of the non-abducting parent." *Feder v. Feder*, 63 F.3d 217, 221 (3d Cir. 1995) (*citing* Pub. Notice 957, 51 Fed. Reg. 10494, 10505 (1986)); *see also Koch,* 450 F.3d at 711 ("The objects of the Convention are: a. to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and b. to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.") (citing Hague Convention, Art. 1). "An action under the Hague Convention and ICARA is not an action to determine the merits of custody rights." *Koch*, 450 F.3d at 711. *See also England v. England*, 234 F.3d 268 (5th Cir. 2000) (citing Hague Convention, Art. 19). Information regarding the parties' divorce proceeding are immaterial to this Court's determination of which court should determine the custody of Petitioner's minor children.

Pursuant to Article 3 of the Hague Convention, removal or retention is wrongful if: "(a) it is in breach of the rights of custody attributed to a person … under the law of the State in which the child was habitually resident [sic] immediately before the removal or retention; and (b) at the time of the removal or retention those rights were actually exercised … or would have

been so exercised but for the removal or the retention." Hague Convention, Art. 3. *See also Gonzalez,* 2004 WL 1202729 at *3.

Additionally, the affirmative allegations regarding the caretaking of the minor children, the removal of the children from Ireland, alleged communication and visits between the Petitioner and the children, Petitioner's alleged feelings about the removal of his children and legal conclusions regarding Respondent's removal of the children are all prejudicial to the Petitioner's case as these affirmative allegations may not be denied by Petitioner under the federal rules.

## CONCLUSION

For the reasons set forth above, Petitioner John A. Griffin respectfully requests that this Court strike Respondent's Answer. In the alternative, the Court should strike Respondent's answers to paragraphs 7, 8, 11, 12, 13, 14, 15, 16, and 18, or in the alternative, rule that Respondent has admitted those allegations, and for any and such further relief as this Court deems appropriate and just.

Dated: July 28, 2008

Respectfully submitted:

/s/ Steven V. Hunter
By one of the attorneys for Petitioner
John A. Griffin

Monica Maria Tynan, ARDC # 06210307
mtynan@quarles.com
Steven V. Hunter, ARDC # 6277695
shunter@quarles.com
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661-2511
(312) 715-5000

QBACTIVE\090022.01134\6408724.1